Gen. 331]                                                                331

**JUVENILE CAUSES**

**APPLICABILITY OF CONFIDENTIALITY REQUIREMENTS TO DISCOVERY IN CHILD IN NEED OF ASSISTANCE CASES**

June 15, 1994

*The Honorable Alan M. Wilner*
*Chairman, Standing Committee on Rules*
 *of Practice and Procedure*

You have requested our opinion whether discovery in Child in Need of Assistance ("CINA") cases as proposed in rules recommended by the Juvenile Subcommittee of the Standing Committee on Rules of Practice and Procedure (the "Rules Committee") is permissible under controlling State and federal law. In particular, you have asked whether discovery of the scope and nature proposed may be required under a general rule, rather than a specific court order.

For the reasons stated below, we conclude that the confidentiality provisions of Article 88A, §6(b), Maryland Code, and of federal law require that an order mandating discovery in a CINA case be a specific court order issued upon consideration of the particular circumstances of the case, rather than by a general rule. Hence, the discovery requirement in proposed Rule 909(b) would be inconsistent with those provisions. However, under the exemption from discovery in proposed Rule 909(d), discovery in CINA cases would continue to be governed by Article 88A, §6, rather than by the proposed rule. That is, proposed Rule 909(b) would take effect only if either Article 88A, §6 or the rule were amended.

**I**

**Present and Proposed CINA Discovery Rules**

In a CINA case, a child is alleged to be in need of the juvenile court's assistance because the child "is mentally handicapped or is not receiving ordinary and proper care and attention, and ... [the child's] parents, guardian, or custodian are unable or unwilling to give proper care and attention to the child ...." §3-801(e) of the

Courts and Judicial Proceedings ("CJ") Article, Maryland Code. The purpose of a CINA proceeding is "to protect children and promote their best interests. It is not intended to punish the parents, and the statute limits the juvenile court's authority to orders designed to protect the child." *In re Rachel T.*, 77 Md. App. 20, 28, 549 A.2d 27 (1988). *Accord, In re Neil C.*, 308 Md. 591, 597, 521 A.2d 319 (1987).[1] A CINA petition is ordinarily filed by the local department of social services ("DSS"). *See* CJ §3-812(b). The parties to a CINA case include the child; the child's parent, guardian, or custodian; and the DSS that filed the petition. CJ §3-801(r).

Discovery available to a juvenile in a delinquency proceeding is substantially the same as the discovery available to a criminal defendant in circuit court. *Compare* Rule 909(a) *with* Rule 4-263(a) and (b). In CINA cases, by contrast, Rule 909(b) presently provides that "the court may, upon good cause shown, pass such orders in aid of discovery, and inspection of evidence as justice may require."[2]

The Juvenile Subcommittee of the Rules Committee has proposed a new Rule 909(b), applicable only to CINA cases, patterned on current Rule 909(a).[3] Thus, proposed Rule 909(b)(2) would require a DSS, whether or not a party requests discovery, to provide each party the following:

> (A) any material or information which tends to negate the involvement of the party in the alleged circumstances or mitigate the severity of the disposition;

---

[1] Thus, a CINA proceeding is not a criminal case, and the constitutional safeguards available to criminal defendants are not equally applicable to CINA proceedings. *See, e.g., In re Neil C.*, 308 Md. at 597 (acquittal in criminal prosecution for child abuse does not preclude CINA proceeding based on same allegations); *In re Colin R.*, 63 Md. App. 684, 693-94, 493 A.2d 1083 (1984) (right of confrontation applicable in criminal prosecution is not available to parents of alleged CINA).

[2] Rule 909(b) also governs cases in which a child is alleged be in need of supervision – that is, to have engaged in injurious or other conduct that evidences the child's need for "guidance, treatment, or rehabilitation." CJ §3-801(f).

[3] The Subcommittee has also proposed revisions of existing Rule 909(a). Those revisions are largely stylistic, rather than substantive.

(B) any relevant material or information regarding the acquisition of statements made by the party;

(C) the name and address of each person whom the petitioner intends to call as a witness;

(D) as to all statements made by a party to an agent of the petitioner which the petitioner intends to use at a hearing:

(i) a copy of each written or recorded statement; and

(ii) the substance of each oral statement and copy of all reports of each oral statement;

(E) any written report or statement made in connection with the particular case by each expert consulted by the petitioner, if the petitioner intends to offer the testimony of the expert or the report at any hearing, including the substance of any oral report and conclusion made in connection with the particular case by each expert consulted by the petitioner and the results of any physical or mental examination, scientific test, experiment or comparison;

(F) any book, paper, document, recording, photograph and any tangible object which the petitioner intends to use at any hearing, in order to permit the respondent to inspect, copy and photograph them;

(G) any item obtained from or belonging to a party which the petitioner intends to use at any hearing, in order to permit the party to inspect, copy and photograph it; and

(H) if the State intends to offer an out-of-court statement pursuant to Code, Courts

Article, §9-103.1, notice of that intention and
of the content of the statement.[4]

Proposed Rule 909(c) contemplates that the DSS would comply with these discovery requirements by permitting the party to inspect the DSS's entire file on the matter.

The Subcommittee has, however, also proposed a new Rule 909(d) that would exempt from discovery in a CINA case the opinions, theories, conclusions, or other work product of the DSS; the identity of a confidential informant whom the State does not intend to call as a witness; any matter protected from disclosure by a protective order; and "any matter which is protected from discovery by statute."

## II

### State and Federal Confidentiality Provisions

Article 88A, §6(a) provides that, except in accordance with a court order or to a State or federal employee when necessary for the administration of public assistance, medical assistance, or social services, it is unlawful to divulge "any information" concerning any applicant for or recipient of social services or child welfare services. Article 88A, §6(b) provides further that "all records and reports concerning child abuse or neglect are confidential, and their unauthorized disclosure is a criminal offense ...."

Article 88A, §6(b) authorizes disclosure of information concerning child abuse or neglect only in limited circumstances: (i) under a court order; (ii) to certain officials investigating a report of child abuse or neglect or administering child protective services; (iii) to licensed practitioners, institutions, or agencies providing treatment to the child; (iv) to the person alleged to have abused or neglected the child, if that person is responsible for the child's welfare; or (v)

---

[4] CJ §9-103.1(c)(3) requires delivery to the respondent's attorney in a CINA case, or to the defendant's attorney in a criminal proceeding, of a notice of intention to use an out-of-court statement of a child abuse victim and the content of the statement.

to a parent or other person who has care and custody of the child.[5] *See also* 71 *Opinions of the Attorney General* 368 (1986) (limited information about handling of child abuse case by local department of social services may be disclosed under certain conditions). When disclosure is made to the alleged abuser or to a parent, provisions must be made to protect the identity of the reporter or any other person who may be endangered by the disclosure. Article 88A, §6(b)(4) and (6).

Article 88A, §6(b) was enacted pursuant to the federal Child Abuse Prevention and Treatment Act. *State v. Runge*, 317 Md. 613, 619, 566 A.2d 88 (1989). The federal Act makes grants available to the states to improve their child protective service systems. 42 U.S.C. §5106a(a). To qualify for a grant, a state must, among other things:

> [P]rovide for ... methods to preserve the confidentiality of all records in order to protect the rights of the child and of the child's parents or guardians, including methods to ensure that disclosure (and redisclosure) of information concerning child abuse or neglect involving specific individuals is made only to persons or entities that the State determines have a need for such information directly related to purposes of this subchapter....

42 U.S.C. §5106a(b)(4)(A).

Federal regulations implementing the Act require a state to "provide by statute that all records concerning reports and reports of child abuse and neglect are confidential and that their unauthorized disclosure is a criminal offense." 45 C.F.R. §1340.14(i)-(1). However, those regulations also permit a state to "authorize by statute disclosure to [certain] persons and agencies, under limitations and procedures the State determines ...." 45 C.F.R. §1340.14(i)(2). The persons and agencies to which disclosure may be authorized include "[a] court, under terms identified in State statute" and "[a] person about whom a report has been made, with protection for the

---

[5] Chapter 299 of the Laws of Maryland 1994, which will take effect on October 1, 1994, additionally authorizes disclosure to a school superintendent for the purpose of appropriate disciplinary action when a student is alleged to have been abused by a public school employee in that school system.

identity of any person reporting known or suspected child abuse or neglect and any other person where the person or agency making the information available finds that disclosure of the information would be likely to endanger the life or safety of such person ...." 45 C.F.R. §1340.14(i)(2)(ii) and (viii).

# III

## Effect of Proposed Rule

The provisions of Article 88A, §6(b) do not entitle a criminal defendant charged with child abuse to discovery of the file on the case maintained by a DSS. *Runge*, 317 Md. at 620- 21. Rather than granting any affirmative right to disclosure, those provisions merely immunize a custodian of the records from criminal liability for disclosure under the enumerated circumstances:

> Thus, if a custodian discloses pursuant to court order, the custodian is immune. And if the custodian exercises discretion to disclose to the accused abuser responsible for the child, the custodian cannot be liable under the statute (providing any applicable regulations are adhered to and informants and others are safeguarded).

317 Md. at 620. The Court pointed out that "[a]ny basis for requiring discovery of records protected by §6(b) must be found outside that subsection." 317 Md. at 621. Hence, even in a criminal child abuse case, the defendant is entitled to no more than *in camera* review of the DSS file and a judicial determination as to whether any part of it should be disclosed. *See also Pennsylvania v. Ritchie*, 480 U.S. 39, 60-61 (1987) (due process does not require giving child abuse defendant access to entire file of child protective services agency).[6]

In a civil action as well, Article 88A, §6 requires a court considering a discovery request to make a particularized determination of whether DSS files should be disclosed. *Baltimore City*

---

[6] *But see* note 4 above, regarding delivery of certain out-of-court statements pursuant to CJ §9-103.1(c)(3). This specific and later-enacted requirement is an exception to the general prohibition in Article 88A, §6(b).

*Dep't of Soc. Serv. v. Stein*, 328 Md. 1, 31, 612 A.2d 880 (1992). That determination must balance the requester's need for the information against the public policy that DSS records be kept confidential, and "there should be no greater disclosure allowed than is necessary to meet the 'need to inspect' shown by the [requester]." 328 Md. at 31. The requester's need to inspect requires consideration of the nature of the allegations made against the requester and "the relationship between the [allegations], the information sought, and the likelihood that review of the records would result in the discovery of relevant information." 328 Md. at 27 (citing *Zaal v. State*, 326 Md. 54, 81-82, 602 A.2d 1247, 1261 (1992)). *Cf.* 79 *Opinions of the Attorney General* 179 (1994) (court may order disclosure of confidential information in court's adoption records after weighing privacy interests against interest in disclosure).

Proposed Rule 909(b) is designed to largely obviate in CINA cases the particularized consideration of the records and the request for their disclosure presently required by Article 88A, §6(b). Rather than requiring a court, under §6(b)(1), or DSS, under Article 88A, §6(b)(4) and (6), to determine whether and to what extent disclosure may be appropriate, proposed Rule 909(b) would mandate certain disclosures in every CINA case. To be sure, a DSS would be entitled to seek a protective order in an appropriate case. However, the proposed rule would favor disclosure over nondisclosure, in contravention of the strong public policy embodied in Article 88A, §6(b). *See Stein*, 328 Md. at 22.

We do not believe that an order of the Court of Appeals adopting the proposed rule would constitute a "court order" for the purpose of Article 88A, §6(b)(1). The adoption of a general rule of practice and procedure is simply not the equivalent of a court order, which governs the conduct of particular parties before the court in a specific case. *See* Rule 1-324 (clerk must send copies of orders not made in course of hearing or trial to all parties entitled to service). Hence, proposed Rule 909(b) would be inconsistent with the State statute.

By the same token, the proposed discovery requirement would be inconsistent with 42 U.S.C. §5106a(b)(4)(A) and 45 C.F.R. §1340.14(i)(2). The federal regulation and the statute under which it was adopted reflect the same legislative and public policy favoring confidentiality that underlies the State statute. The authorization in 45 C.F.R. §1340.14(i)(2)(ii) of disclosure to a court is designed to

ensure the particularized review to determine the appropriateness of disclosure to a party that is also required by *Stein* and *Zaal*. Similarly, the authorization in 45 C.F.R. §1340.14(i)(2)(viii) of disclosure, under certain circumstances, to a person about whom a report has been made requires that a DSS consider the particular situation before making any disclosure.

Further, the federal regulation's requirement that disclosure be "authorize[d] by statute," in our view, is intended to ensure that any provision for disclosure will result from the legislative process, with its heightened likelihood of drawing broad public attention to privacy concerns. Regarding matters deemed not to require the same level of public scrutiny, the regulations expressly provide for the requisite state policy to be adopted by any of a variety of methods. *See, e.g.,* 45 C.F.R. §1340.13(a)(1) (state must adopt certain definitions "either by statute or regulation having the force and effect of law"). Accordingly, the discovery requirement of proposed Rule 909(b) would be inconsistent with the applicable federal statute and regulations.

However, in the present form of proposed Rule 909, the discovery requirement would not be effective. Ordinarily, under Article IV, §18(a) of the Maryland Constitution, a rule adopted subsequently to a State statute prevails over the statute to the extent of any inconsistency. *County Fed. Sav. & Loan Ass'n v. Equitable Sav. & Loan Ass'n*, 261 Md. 246, 253, 274 A.2d 363 (1971); *Smith v. State*, 5 Md. App. 633, 634 n. 1, 248 A.2d 913 (1969). The Subcommittee's proposal, however, would expressly exempt from discovery in CINA cases information made nondisclosable by statute. Proposed Rule 909(d). This provision of the proposed rule would subordinate the rule to Article 88A, §6, so that the proposed discovery requirement would not be effective unless the rule or the statute were amended.

The federal Child Abuse Prevention and Treatment Act and the regulations adopted under it are not designed to preempt state law. Rather, those provisions predicate a state's eligibility for federal funding on the state's conformance to the federal provisions, including 45 C.F.R. §1340.14(i)'s restrictions on disclosure of information. Hence, were the proposed rule or Article 88A, §6 to be amended to give effect to the CINA discovery requirement, care should be taken to ensure consistency with the federal regulations.

## IV

## Conclusion

In summary, our opinion is that proposed Rule 909(b) would be inconsistent with Article 88A, §6 and with the applicable federal statute and regulations. However, under the exemption from discovery in proposed Rule 909(d), discovery in CINA cases would continue to be governed by Article 88A, §6.

J. Joseph Curran, Jr.
*Attorney General*

C. J. Messerschmidt
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
*Opinions & Advice*


***Editor's Note:***

Current Maryland Rule 11-109b provides that, "[i]n any proceeding in which a child is alleged to be in need of supervision or assistance, the court may, upon good cause shown, pass such orders in aid of discovery, and inspection of evidence as justice may require."